IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR291** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **TERENCE D. WILLIAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 45), and the government's sentencing statement (Filing No. 49). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 13 (version of the offense), 24 and 36 (acceptance of responsibility), 30 (enhancement under U.S.S.G. § 2K2.1(b)(6)), and any statement that the Defendant was known to sell drugs from his residence.

### ¶ 13 - Version of the Offense

The Court is not at liberty to change the government's version of the offense. The objection is denied.

### ¶¶ 24, 36 - Acceptance of Responsibility

Two points, rather than three, were awarded for acceptance of responsibility. The government's position is that no points should be awarded for acceptance of responsibility, but if the Court decides that the Defendant accepted responsibility three levels should be awarded. This matter will be addressed at sentencing, and the Defendant has the burden of proof by a preponderance of the evidence.

***¶ 30 - § 2K2.1(b)(6) Enhancement***

The Defendant objects to the 4-level enhancement under § 2K2.1(b)(6) for possessing a firearm in connection with another felony offense.  The Defendant pleaded guilty to being an unlawful user of or addicted to a controlled substance in possession of a firearm (Count I), possessing marijuana with intent to distribute (Count II), and criminal forfeiture of the firearm involved in Count I (Count III).  The Eighth Circuit recently held that the § 2K2.1(b)(6) enhancement should be applied, in the context of a drug crime, when the firearm in question is used or possessed in connection with another drug trafficking offense, as opposed to a simple possession offense.  *United States v. Blankenship,* 552 F.3d 703, 704-05 (8th Cir. 2009).  Possession with intent to deliver a controlled substance is a drug trafficking crime in this context.  *See United States v. Easley,* 2009 WL 396454, at *1 (Feb. 19, 2009).  Therefore, the enhancement is mandatory unless the Court finds that it is "clearly improbable that the guns were possessed in connection with the gun offense." *United States v. Almeida-Perez,* 549 F.3d 1162, 1175 (8th Cir. 2008).  The objection will be heard at sentencing, and the government has the burden by a preponderance of the evidence.

***Statement***

This appears to be an objection to this statement in ¶ 30 of the PSR, and this matter will be considered together with the objection to ¶ 30.

IT IS ORDERED:

1.	The Defendant's Objections to ¶ 13 of the Presentence Investigation Report (Filing No. 45) is denied;

2.     The Defendant's objections to ¶¶ 13, 36 (acceptance of responsibility) and 30 (§ 2K2.1(b)(6) enhancement) will be heard at sentencing;

3.     Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4.     If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.     Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

6.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 23rd day of February, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge